## John McDaniel *v.* The State.

1. Practice. — Questions of practice raised by an assignment of errors will not be passed upon by this court, unless the facts are verified by a bill of exceptions properly reserved at the trial.

2. Evidence. — If the jury in a criminal action finds it impossible to reconcile a conflict of testimony, they are empowered to give credence to that which, in their opinion, is best entitled to it.

3. Same — Case Stated. — In a prosecution for the wilful and wanton killing of a dog, the defendant, a minor, offered in evidence the directions of his father as to what he should do if the dog was again caught in mischief upon the premises. *Held*, properly excluded ; and that what the dog had previously done could not be shown in evidence to afford a legal excuse for the defendant to kill the dog at the time he did. And *held, further*, that the fact that defendant was a minor only proves that he was under the age of twenty-one, and the additional fact that he was directed by his father, with whom he was living, to kill the dog, without further evidence of defendant's age, is no defence for the wanton killing of the dog.

4. Same. — The burden of proof, to show that the discretion of a minor defendant was sufficient to understand the nature and illegality of the act constituting the offence, does not devolve upon the State until it is shown that the minor was aged between the years of nine and thirteen.

5. Malicious Mischief. — A dog which has an owner is a "dumb animal," within the meaning of articles 2344 and 2345, Paschal's Digest.

Appeal from the County Court of Jefferson. Tried below before the Hon. J. C. Milliken, County Judge.

The opinion states the case. The penalty assessed by the jury was a fine of $10.

*O'Brien & Chenault*, for the appellant. 1. If there be a radical error in the charge to the jury, exception thereto at the time is unnecessary; and if made ground for new trial, and overruled, the cause on appeal may be reversed. *Haynes* v. *The State*, 2 Texas Ct. App. 84; *Mitchell* v. *The State*, 2 Texas Ct. App. 404. The delivery of the law-book to the jury was, in effect, to leave to the jury the construction and application of the law, and was a *radical* error. Pasc. Dig., arts. 3058, 3060; *Prince* v. *Randolph*, 12 Texas, 295; *Ryan* v. *Jackson*, 11 Texas, 403.

2. Considered in connection with the evidence admitted, that the defendant was a boy, living with his father and under his control, and the circumstances attending the killing, as also admitted for the defence, the evidence excluded was relevant to show *knowledge* and *intent*, and whether or not the act charged to be an offence was *wilful* and *wanton*. Pasc. Dig., art. 2345; *Persons* v. *The State*, 3 Texas Ct. App. 244, and authorities there cited; *Branch* v. *The State*, 41 Texas, 622; *Benson* v. *The State*, 1 Texas Ct. App. 11. Apply to the facts of this case the last two authorities, as they define the offence, and illustrate the negative of wantonness, substituting a *dog* of mischievous habits (permitted by its owner to run at large, and against the incursions of which no fence is required by law) for the horse, and we respectfully submit that the relevancy of the said testimony is very apparent; and horses have, while dogs have not, an intrinsic value. 2 Chitty's Bla. Com., b. 4, marg. p. 236; id., marg. p. 7, par. 21; 1 id., b. 2, marg. p. 393.

Property in dogs is not absolute, but defeasible by the resumption of their ancient propensities to roam at large and depredate. Id., marg. pp. 393, 394.

An action under the common law would only lie for *unlawfully* destroying them. Id.

It was not under the same law, nor is it now, unlawful, in

a party injured, to abate them as a nuisance by destroying them — there being no remedy against their trespasses by distraint — when they encroach upon the premises and attack the person or property of the citizen. 2 id., b. 3, marg. p. 3, art. 1; marg. p. 5, par. 4, note 6; id., 6, 7, 8, par. 5.

In support of the assignments of error, in other respects, it may be said that the exclusion of said testimony, and the surrender of the law to the jury, by the court, was calculated to impress, and did impress, the minds of the jury *that the only question, the criterion of guilt,* was, "Did the defendant kill the dog?"

But, presuming everything else in favor of the verdict, the effect of the rulings of the court was to exclude *any* evidence as to the former depredations or habits of the dog in justification for killing him off the premises of the owner, and while he was trespassing on the premises of another. And whilst this construction of the law might have the effect to redeem and render less obnoxious dogs of the habits of "old dog Tray," or his companions in Webster's spelling-book, yet we respectfully submit that, for reasons too apparent, such a construction could not have been contemplated by the Legislature in the enactment of the statute under which this prosecution originated.

*Thomas Ball,* Assistant Attorney-General, for the State.

ECTOR, P. J. The information in this case is under article 2344, Pascal's Digest. It charges that the defendant, on or about August 19, 1878, in the county of Jefferson, "did unlawfully, wilfully, and wantonly kill a certain dumb animal, namely, a dog, the property of another person; contrary to the statute in such cases made and provided, and against the peace and dignity of the State."

The first assignment of errors refers to the charge of the court, and is as follows, to wit:

" 1. The court erred in delivering to the jury Paschal's Annotated Digest of the Laws of the State of Texas, in connection with a verbal charge, at the same time referring them particularly to articles 2344 and 2345, and in instructing and permitting them to take said law-book with them on their retirement, the parties having agreed only to a verbal charge."

The question raised by this assignment should have been presented by bill of exceptions. The defendant, by himself or counsel, should have saved a bill of exceptions to the action of the court below which is complained of, so as to have brought the question properly before this court.

The evidence, both on the part of the prosecution and the defence, shows that defendant shot and killed a dog, the property of one Wilson Gainer. The witnesses introduced on the part of the State testified that the dog got after a rabbit in the field of Gainer, where his sons were at work; that the dog pursued the rabbit into the adjoining field of Zack McDaniel, and that the defendant there shot and killed the dog while he was after the rabbit. The witnesses on the part of the defence testified that they saw Gainer's dog come upon the premises of Zack McDaniel, go to a scaffold upon which he had meat drying, take a piece of meat therefrom, and that the defendant, who was then a boy living with his father, ran into the house, got the gun, and shot the dog while he was running off with the piece of meat. There was an irreconcilable conflict in the evidence offered on the part of the prosecution and the defence. The jury saw proper to believe the State's witnesses, and in this we cannot say that they committed an error.

We believe that the court properly sustained the exceptions to the evidence referred to in defendant's bill of excep-

tions. The hearsay declarations of Zack McDaniel were not admissible in evidence as to the directions given by him to his son, the defendant, in case the same dog was caught in mischief upon the premises of Zack McDaniel.

What the dog had done before could not be shown in evidence as a defence, so as to afford a legal excuse for the defendant to kill the dog at the time he did. The fact that the defendant was a minor, and lived at the time with and was controlled by his father, would not shield him from punishment for wilfully and wantonly killing the dog. Our statute provides that " no person shall be convicted of any offence committed before he was of the age of nine years, nor of any offence committed between the years of nine and thirteen, unless it shall appear by proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offence." If the evidence had shown that defendant, at the time he killed the dog, was between the ages of nine and thirteen, the burden of proof would have been upon the State to have shown that he had discretion sufficient to understand the nature and illegality of the act constituting the offence. The fact that defendant was a minor only proves that he was under twenty-one years of age, and the further fact that he was living with his father, and that he was directed by his father to kill the dog, without further evidence in regard to defendant's age at the time, would not shield him from punishment for wilfully and wantonly killing Gainer's dog.

The court did not commit an error in overruling defendant's motion for new trial and in arrest of judgment. The information is a good one. It is made an offence by our statute to wilfully and wantonly kill a dog, as it is to kill any other dumb animal, the property of another. Pasc. Dig., arts. 2344, 2345.

We find nothing in the entire record that would warrant us in reversing the judgment, and it is therefore affirmed.

*Affirmed.*